NOT FOR PUBLICATION

FILED

JUL 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDDIE LOUIS BENNETT, | No. 08-16690 |
| Petitioner - Appellant, | D.C. No. 3:07-CV-02261-SI |
| v. | |
| B. CURRY, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 15, 2010[**]
San Francisco, California

Before:   RYMER and FISHER, Circuit Judges, and PALLMEYER, District
Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]The Honorable Rebecca R. Pallmeyer, United States District Judge for
the Northern District of Illinois, sitting by designation.

Freddie Louis Bennett, appearing pro se, appeals the dismissal of his habeas petition for failure to state a claim on which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253 and we affirm.

Bennett contends that he had a liberty interest protected by the Due Process Clause in certain prison disciplinary proceedings he says were unfair. In particular, he argues that the disciplinary proceedings and associated penalties triggered a liberty interest because they "will inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). His allegations do not support that claim. Even assuming disciplinary proceedings might inevitably affect the duration of confinement for a California indeterminate prisoner in some circumstances, Bennett's petition and documents crucial to it that he submitted to the district court demonstrate that the Board of Parole Hearings has deemed Bennett unsuitable for parole for several independently adequate reasons and not only because of the disciplinary record he seeks to challenge. Because his disciplinary record did not "alter the balance" in his parole suitability determination, its effect if any on the duration of his sentence "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Sandin*, 515 U.S. at 487.

2

Bennett also contends that he had a liberty interest in the disciplinary proceedings because they resulted in good time and postconviction credit penalties that he says will affect the duration of his sentence. His allegations do not support this claim because he is an indeterminate-term prisoner who has exceeded his minimum sentence and served over 30 years, and it is therefore unlikely – and certainly not inevitable – that any actual release date would be affected by these penalties if he is ever deemed suitable for parole.

**AFFIRMED.**